UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-21875-ALTMAN/Reid

**MED-STOP, INC.**,

*Plaintiff*,

*v.*

**VANDUTCH, INC.**, *et al.*,

*Defendants.*

_____/

## ORDER ADOPTING REPORT & RECCOMENDATION

On January 3, 2025, we dismissed Med-Stop's claims against the four Defendants that remained in this case—Vandutch, Inc. ("VDI"), Vandutch USA ("VDUSA"), Jacobus Mast (collectively, the "Mast Parties"), and Reed Nicol. *See* Order Granting Motion to Dismiss [ECF No. 154] at 20 ("[W]e hereby **ORDER** and **ADJUDGE** that the Defendants' Motion to Dismiss [ECF No. 115] is **GRANTED**. The Complaint [ECF No. 1] is **DISMISSED** with prejudice."). As prevailing parties, these four Defendants then moved for attorneys' fees. *See* Motion for Attorneys' Fees by Reed Nicol [ECF No. 161]; *see also* Motion for Attorneys' Fees by the Mast Parties [ECF No. 174]. We referred those motions to Magistrate Judge Lisette M. Reid for a Report and Recommendation, *see* Amended Order of Referral [ECF No. 175], and she recommended that we award Nicol $87,332.30 in attorneys' fees and costs and the Mast Parties $103,682.69 in attorneys' fees, *see* Report and Recommendation ("R&R") [ECF No. 179]. Med-Stop filed a "limited objection" to the R&R, claiming that the R&R "did not address the allocation" of the attorneys'-fees award between the Mast Parties. Objections to R&R ("Objections") [ECF No. 180] at 2. The Mast Parties filed a response, asking us to overrule the objection. *See* Response to Objections [ECF No. 182] at 1 ("[The] Plaintiff's Objection should be denied/overruled because [the] Plaintiff failed to raise the legal

arguments asserted in the Objection before the magistrate, [ ] and because neither the facts, nor the law, support the Objection."). Alternatively, the Mast Parties request that we award "100% of the attorney's fees [ ] to Jacobus Mast" because "[a]ll attorney's fees paid on behalf of the Mast Defendants for services rendered herein on or after October 17, 2023 were paid by Jacobus Mast[.]" *Id.* at 5, 3.

## THE LAW

District courts must review *de novo* any part of a magistrate judge's disposition that has been properly objected to. *See* FED. R. CIV. P. 72(b)(3). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require a *de novo* review only where objections have been properly filed—and not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). "If no objection or only [a] partial objection is made to the magistrate judge's report, the district judge reviews those unobjected portions for clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (cleaned up)).

When a party timely objects to a magistrate judge's report and recommendation, the district judge must make a *de novo* determination "of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Leonard v. Polk Cnty. Sheriff's Dep't*, 2019 WL 11641375, at *1 (M.D. Fla. Apr. 16, 2019) (Jung, J.). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Tardon*, 493 F. Supp. 3d 1188, 1209 (S.D. Fla. 2020) (Lenard, J.) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)). The "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th

Cir. 1988) (citation omitted).

## ANALYSIS

For four reasons, we overrule Med-Stop's objection. *First*, Med-Stop concedes that Magistrate Judge Reid *didn't* err by failing to allocate the attorneys' fees between the Mast Parties—it merely argues that "judicial economy" would be best served by such an allocation. *See* Objections at 4 ("While this Court could elect simply to issue a joint fee award to all three Mast Defendants, Plaintiff submits that judicial economy could be best served by this Court either by allocating the entire fee award to VDI or, alternatively, by identifying the portion, if any, allocable to VDI."). That's not a good enough reason to overrule a magistrate judge.

*Second*, Med-Stop doesn't cite *any* authority for the proposition that we must allocate an attorneys'-fee award between prevailing parties who are represented by the same counsel. The only case Med-Stop cites on this issue is *Oxford Asset Management, Ltd. v. Jaharis*, 297 F.3d 1182, 1197 (11th Cir. 2002). *See* Objections at 4 ("As a general proposition, 'the district court has wide latitude in determining how to apportion [an attorneys' fee] award, but it must explain its decision such that it is capable of meaningful review.'" (quoting *Oxford*, 297 F.3d at 1197)). But this case is inapposite. Med-Stop's quoted language involved the district court's *determination* of a reasonable fee, not the *allocation* of that fee between prevailing parties. As to fee allocation, the Eleventh Circuit has held that "fees must not always, or even usually, be apportioned." *Council for Periodical Distributors Assc'n. v. Evans*, 827 F.2d 1483 (11th Cir. 1987).

*Third*, even if we thought it necessary to allocate the fee award between the Mast Parties (we don't), Med-Stop hasn't given us any evidence with which we might determine *how* the award should be allocated. The Mast Parties, on the other hand, tell us that Jacobus Mast incurred the relevant attorneys' fees—not VDI or VDUSA. *See* Response to Objections at 3 ("All attorney's fees paid on behalf of the Mast Defendants for services rendered herein on or after October 17, 2023 were paid

3

by Jacobus Mast through other entities owned by him that are neither defendants, nor judgment debtors"). We think it's clear that the Mast Parties—not this Court—are best positioned to determine how to allocate their attorneys'-fees.

*Finally*, as the Mast Parties correctly observe, Med-Stop didn't raise the allocation issue in its underlying briefing. *See generally* Response to Motion for Attorneys' Fees by the Mast Parties [ECF No. 176]. In its Response, Med-Stop only asked that, if the Magistrate Judge *were* inclined to award fees, those fees should be reduced. *See id.* at 19 ("While Med-Stop continues to maintain that Defendants should not be entitled to any fees, this Court may disagree. If so, Med-Stop maintains that any fee award should at least be reduced."). Med-Stop's failure to raise this issue before the Magistrate Judge is reason alone to overrule its objection. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("'[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.'").

The Magistrate Judge Reid thus didn't err by failing to allocate the attorneys'-fee award between the Mast Parties. We've reviewed the rest of Magistrate Judge Reid's R&R for clear error—and, finding none, concur in her well-reasoned judgment.

## Conclusion

Accordingly, we hereby **ORDER and ADJUDGE** that Med-Stop's Objections [ECF No. 180] are **OVERRULED**. We **ADOPT** Magistrate Judge Reid's Report and Recommendation [ECF No. 179] in full. The case shall remain **CLOSED**.

**DONE AND ORDERED** in the Southern District of Florida on February 6, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

4